FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV - 4 2016

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Gaynell F. Robinson** § | |
| § | |
| Plaintiff, § | |
| § CIVIL ACTION | |
| vs. § FILE NO.: 1:15-CV-4494-MHC-CMS | |
| § | |
| **Carrington Mortgage Services, LLC** § | |
| **as Servicer and Attorney in Fact for** § | |
| **Bank of America, N.A.** § | |
| § | |
| § | |
| Defendant. § | |

Defendants

### PLAINTIFF'S MOTION FOR LEAVE TO FILE PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff, Gaynell F. Robinson, hereby moves the Court for leave to file Plaintiffs' First Amended Complaint, conditionally filed herewith, respectfully showing this Honorable Court as follows:

### STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that the court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008,

1

1014 (11th Cir. 2005). However, leave to amend is not required "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001); *accord* Cornelius v. Home Comings Financial Network, Inc., 293 Fed. Appx. 723, 728 (11th Cir. 2008); Corsello, 428 F.3d at 1014 (citing Bryant). None of these factors are applicable in this case.

## ARGUMENT AND CITATION OF AUTHORITY

### I.     No Bad Faith or Undue Delay

This amendment is timely. "Courts generally find that a plaintiff is not dilatory in seeking to amend a complaint "'when no trial or pre-trial dates [have been] scheduled and no significant activity beyond the pleading stage has occurred.'" Smith v. Robin America, Inc., No. H-08-3565 (S.D. Tex. Aug. 7, 2009) *citing* Jones v. Rent-A-Center East, Inc., 356 F. Supp. 2d 1273, 1276 (M.D. Ala. 2005). In this case, no scheduling order has been entered and there has been only minimal activity beyond the pleading stage. Accordingly, Plaintiff's motion to amend is not unduly delayed or made in bad faith.

## II.     UNDUE PREJUDICE

Of the four factors identified above, the Supreme Court, in interpreting Fed. R. Civ. P. 15(a), has placed a particular emphasis on the element of prejudice to the opposing party. United States v. Hougham, 364 U.S. 310, 316 (1960) ("Rule 15 of the Federal Rules of Civil Procedure . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result.")); see also Evans Products Co. v. West Am. Ins. Co., 736 F.2d 920 (3d Cir. 1984) ("Primary consideration in determining whether leave to amend would be granted under this rule is prejudice to the opposing party; principal test for prejudice in such situations is whether the opposing party was denied a fair opportunity to defend and to offer additional evidence on that different theory."). *See generally* 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1476 (1991) ("If no prejudice is found, then leave normally will be granted."). Plaintiff's First Amended Complaint merely clarifies the facts supporting Plaintiff's Complaint. Thus, Defendants would not be prejudiced by being required to defend against Plaintiff's First Amended Complaint.

### III. PLAINTIFF'S PROPOSED AMENDMENT IS NOT FUTILE.

The motion to amend is not futile. The revised complaint states the basis of the Plaintiff's claim and all relief sought by this Court and is thus sufficient.

### IV. REPEATED FAILURE TO CURE DEFICIENCIES BY AMENDMENTS PREVIOUSLY ALLOWED

The final factor – repeated failure to cure deficiencies by amendments previously allowed – is not applicable in this instance.

WHEREFORE, Plaintiff's motion for leave to file Plaintiff's Second Amended Complaint should be granted.

This the ____ day of _____, 2016.

Respectfully submitted,

_____
Gaynell F. Robinson
765 Chapel Hill Drive
Lawrenceville, GA 30045

## Certificate of Service

I, the undersigned, certify that I have delivered the foregoing document by U.S. mail prepaid first class to the attorneys or persons located at the addresses below:

**Parties:**

Keith S. Anderson
Bradley Arant Boult Cummings, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

Attorney for:
Carrington Mortgage Services, LLC
as Servicer and Attorney in Fact for
Bank of America, N.A.

This _____ day of _____,2016.

_____
Gaynell F. Robinson
765 Chapel Hill Drive
Lawrenceville, GA 30045